PER CURIAM.
Attorney, Randy Botwinick (“Botwin-ick”), appeals from an adjudication and $500.00 fine for direct criminal contempt based upon a willful violation of a court order during a civil trial. We affirm.
*57 Botwinick represented plaintiffs in a suit for personal injuries against Allstate Insurance Company (“Allstate”). Allstate, which had contested liability for the claim for several years, admitted liability on the day of the trial. Botwinick did not want to accept Allstate’s belated liability admission. He complained that Allstate’s late tactic was prejudicial to the plaintiffs and he thought the jury ought to know. The court responded by ordering Botwinick not to refer to the fact that Allstate denied liability until that day. The case proceeded to trial on damages.
At trial, during Botwinick’s cross-examination of an Allstate expert medical witness, Botwinick asked the witness: “Were you aware or were you made aware at that time that Allstate had been denying the claim for about four years as of that time?” Allstate objected and the trial judge sustained the objection telling Botwinick that this area had been specifically proscribed. Botwinick, in an apparent tonsorial attempt to split hairs, replied that his question was directed towards Allstate’s denial of injury, not denial of liability.
Although Botwinick was well aware of the dictates of the clear order, he tried to circumvent it by asking the witness whether he was aware that Allstate had been denying the claim for four years. This question was of no consequence to the witness’ testimony, was asked in direct violation of the order, and was asked only to impassion the jury against Allstate. Accordingly, the trial court’s contempt order finding that Botwinick violated a clear court order is affirmed in all respects. See Vizzi v. State, 501 So.2d 613 (Fla. 3d DCA 1986).
Affirmed.